WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremiah Daniel West,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-21-01558-PHX-DLR<br><br>**ORDER** |

On July 16, 2019, Claimant Jeremiah West filed an application for Social Security Supplemental Security Income benefits alleging disability beginning June 1, 2018. (AR. 59–60.) The agency denied his claim initially and again on reconsideration. (AR. 70, 88.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on March 5, 2021, finding Claimant not disabled. (AR. 15.) The Appeals Council denied review of the decision, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration. (AR. 2.) Claimant seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**I.  Standard**

An ALJ's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id.* at 1154 (quotations and citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In its review of an ALJ's decision, the Court reviews only those issued raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled, the ALJ engages in a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At the second step, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically determined to be disabled. If not, the ALJ moves to the fourth step, where he assesses the claimant's residual functioning capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is not so capable, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II.   Analysis**

    **a. PA Dorman's Assessment**

For claims filed on or after March 27, 2017, ALJs give no specific evidentiary weight, including controlling weight, to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, the regulations require that the ALJ consider all medical opinions and articulate

how persuasive he finds them. *Id.* at § 416.920c(b). The revised regulations provide that treating physician's assistants are considered medical sources. *Id.* § 416.902(a)(8).

The ALJ considers several factors in assessing the persuasiveness of a medical opinion, but he need only articulate in his decision his findings regarding the supportability and consistency of the opinion with other evidence in the record. *Id.* § 416.920c(b)(2). Supportability refers to the supporting explanations and objective medical evidence offered by the source to justify her medical opinion. *Id.* § 413.920c(c)(1). Consistency refers to the uniformity and agreement amongst the evidence from other medical and nonmedical sources. *Id.* § 416.920c(c)(2).

The ALJ properly explained why he did not find PA Samantha Dorman's opinion persuasive. He explained that the opinion was unpersuasive because it is not consistent with or supported by the medical evidence. (AR. 24.) PA Dorman opined that Claimant "lacked the mental aptitudes and abilities to meet the competitive standards of unskilled work" because of his depression, anxiety, and difficulty with social interaction. (AR. 24.) PA Dorman's assessment was contradicted by her own treatment notes, which indicate that Claimant had typical memory, fund of knowledge, and concentration. (AR. 24.) Similarly, consultative examiner Kari Coehlo, Psy.D, indicated that Claimant maintained sufficient levels of attention and concentration that would allow him to understand and remember simple instructions. (AR. 25.) Dr. Koehlo also noted that Claimant could work a rote job, demonstrating that he could engage in unskilled work. (AR. 25.)

PA Dorman's assessment is also contradicted by the State agency consultants' assessments, who both opined that Claimant can "understand, recall, and perform simple tasks with pace and persistence." (AR. 25.) R. Nathan, M.D., a State agency consultant, reviewed Claimant's records and determined that Claimant had no significant limitations in understanding, memory, response to criticism, maintenance of appropriate social behavior, following simple instructions, performing activities on a schedule, sustaining an ordinary routine, or making simple work-related decisions. (AR. 67–68.) Additionally, Nathan's findings were independently reviewed and affirmed by another State agency

consultant., R. Garland, Ph.D. (AR. 84–86.) Altogether, the ALJ's determination that PA Dorman's opinion is unpersuasive is adequately explained and supported by substantial evidence in the record.

### b. Claimant's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ must determine whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quotation and citation omitted). If the claimant has presented such evidence, the ALJ may only reject the claimant's testimony regarding the severity of his symptoms "by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (quotation and citation omitted).

The ALJ may engage in ordinary techniques of credibility evaluation, including considering the claimant's reputation for truthfulness or looking to inconsistencies in the claimant's testimony, but he may not reject a claimant's testimony solely for "lack of medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This Court will uphold the ALJ's decision so long as he has provided legally sufficient reasons for rejecting the claimant's testimony, even if the ALJ did not "clearly link his determination to those reasons." *Lewis*, 236 F.3d at 512. "Even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 497 (2004) (quotations and citation omitted).

Claimant testified that his impairments manifest in difficulty focusing and completing tasks. The ALJ concluded that Claimant presented objective medical evidence of multiple impairments, including anxiety, depression, attention hyperactivity disorder, and social phobia, which could reasonably be expected to product the symptoms alleged. (AR. 23.) But the ALJ determined that Claimant's statements regarding the "intensity,

1  persistence and limiting effects of these symptoms are not entirely consistent with the
2  medical evidence and other evidence in the record[.]" (AR. 23.)

3        Claimant contends that the ALJ improperly discounted his symptom testimony by
4  failing to show "that anything specific in the medical record was inconsistent with any
5  particular portion of [Claimant]'s symptom testimony." (Doc. 15 at 16.) The Court
6  disagrees. The ALJ reasonably determined that Claimant's testimony is inconsistent with
7  the objective medical evidence, which showed that Claimant has concrete thought
8  processes, typical insight and judgment, and most importantly, sufficient attention and
9  concentration. (AR. 24, 414, 416, 419, 421, 426, 433, 451.) The objective medical evidence
10 also showed the Claimant could understand, remember, and carry out simple instructions.
11 (AR. 410–11.)

12       The ALJ also properly considered other evidence in the record, including
13 Claimant's treatment history and Claimant's inconsistencies regarding the severity of his
14 symptoms. Though Claimant alleges he suffers from chronic, debilitating mental
15 impairments, the longitudinal record reveals that Claimant sought only minimal treatment
16 for these impairments. (*See* AR. 45, 48, 406.) The treatment the Claimant received appears
17 to have been effective, as Claimant reported improvement of his symptoms with treatment.
18 (AR. 24, 474, 478, 533, 560, 564.) Additionally, over the course of treatment, Claimant
19 repeatedly denied any concerns about his mental impairments and did not report severe
20 problems with attention or concentration. (*See, e.g.*, AR. 414, 419, 426, 433, 438.) The ALJ
21 thus relied upon substantial evidence in discounting Claimant's testimony as to the
22 intensity, persistence, and limiting effects of his symptoms.

23       **IT IS ORDERED** that the ALJ's decision is **AFFIRMED.** The Clerk is directed to
24 enter judgment accordingly and terminate this case.

25       Dated this 19th day of April, 2023.

Douglas L. Rayes
United States District Judge